JOURNAL ENTRY and OPINION
Defendant-appellant Fred Gladden appeals from the trial court's order sentencing him to a term of imprisonment of ten years following appellant's entry of a plea of guilty to one count of rape.
Appellant asserts the trial court's order is flawed on the basis that the trial court failed to engage in the required analysis prior to imposing a sentence that was not only more than the minimum term but actually was the maximum term permitted by law for the offense.
A review of the record in light of both the relevant sentencing statutes and the Ohio Supreme Court's directives as set forth in State v. Edmonson (1999), 86 Ohio St.3d 324, renders appellant's assertion baseless; hence, his sentence is affirmed.
Appellant originally was indicted on December 30, 1998 on two counts as follows: (1) rape, R.C. 2907.02, with a sexually violent predator specification; and (2) kidnapping, R.C. 2905.01, with a sexual motivation specification. Following a lengthy discovery process and several pretrial hearings, appellant's case proceeded to the trial phase on July 1, 1999.
During the voir dire of the potential jury members, however, the trial court was informed appellant had decided to enter into a plea agreement. The trial court immediately conducted a hearing on the matter. The prosecutor informed the trial court that in exchange for appellant's plea of guilty to the rape count, amended to delete the specification, the state would dismiss the remaining charge.
The trial court thereafter conducted a colloquy with appellant pursuant to Crim.R. 11(C). Upon satisfying itself that appellant's plea was knowingly, voluntarily and intelligently made, the trial co accepted appellant's plea of guilty to one count of rape.[1] The urttrial court then granted defense counsel's request for a presentence investigation and report and set a sentencing date for the following month.
On August 4, 1999 the trial court conducted appellant's sentencing hearing. After hearing from appellant, defense counsel[2] and the victim and her father, the trial court considered the applicable recidivism and seriousness factors precisely as set forth in the probation department's presentence report, then pronounced it found "this offense to be one of the most serious and most offensive of its kind." The trial court sentenced appellant to a term of incarceration of ten years and ordered appellant to pay a fine of $250.00. The trial court further stated it would designate appellant to be a sexually oriented offender.[3]
Appellant has filed a timely appeal from the trial court's imposition of sentence. He presents the following assignments of error for review:
 I. THE TRIAL COURT ERRED IN NOT IMPOSING THE MINIMUM SENTENCE WHEN MR. GLADDEN HAD NOT PREVIOUSLY SERVED A PRISON TERM AND THE TRIAL COURT DID NOT ENGAGE IN THE REQUIRED ANALYSIS AND SPECIFY ON THE RECORD OF THE SENTENCING HEARING THAT VARYING FROM THE MINIMUM IS WARRANTED BECAUSE THE SHORTEST PRISON TERM WILL DEMEAN THE SERIOUSNESS OF THE CONDUCT OR WILL NOT ADEQUATELY PROTECT THE PUBLIC FROM FUTURE CRIME.
 II. THE TRIAL COURT DID NOT LAWFULLY IMPOSE A MAXIMUM SENTENCE WHEN THE COURT DID NOT RECORD A FINDING AND SET FORTH ITS REASONS FOR FINDING THAT MR. GLADDEN IS A MAJOR DRUG OFFENDER OR A REPEAT VIOLENT OFFENDER OR EITHER COMMITTED THE WORST FORM OF THE OFFENSE OR POSED THE GREATEST LIKELIHOOD FOR COMMITTING FUTURE CRIMES.
Appellant argues the trial court's imposition of sentence upon him was improper on the basis that the trial court failed to comply with the requirements both for imposition of more than a minimum term and for imposition of the maximum term. Appellant's argument has no merit.
Appellant entered a plea of guilty to one count of rape, which is a first degree felony punishable by a term of incarceration of a minimum of three years up to a maximum of ten years, R.C. 2907.02(B); R.C.2929.14(A)(1). The trial court's consideration of the appropriate length of the term of incarceration to impose upon an offender for his conviction is guided by R.C. 2929.11 through R.C. 2929.14.
The first statute advises the trial court to consider the overriding purposes of felony sentencing as set forth by the legislature, viz., to protect the public from future crime and to punish the offender. The trial court must impose a sentence that is commensurate with and not demeaning to the seriousness of the conduct and, further, that is consistent with sentences imposed for similar offenses.
The second statute sets forth numerous factors for the trial court to consider that relate to the seriousness of the offender's conduct and the likelihood that the offender may commit similar crimes in the future. The trial court also is directed to consider any other factor relevant to the purposes and principles of sentencing.
R.C. 2929.13, then, provides guidance to the trial court concerning the degree of felony for which the offender is convicted. In relevant part, it states:
§ 2929.13 Guidance by degree of felony.
 (A) Except as provided in division * * *, (F), * * * of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code. * * *
* * *
 (F) Notwithstanding divisions (A) to (E) of this section, the court shall impose a prison term or terms * * * [and] shall not reduce the terms * * * for any of the following offenses:
 (1) Aggravated murder when death is not imposed, or murder;
 (2) Any rape, regardless of whether force was involved and regardless of the age of the victim, or an attempt to commit rape by force when the victim is under thirteen years of age;
* * *
(Emphasis added.)
Finally, the relevant provisions of R.C. 2929.14 state:
§ 2929.14 Basic prison terms.
* * *
 (B) Except as provided in division (C), (D)(2), (D)(3), or (G) of this section, in section 2907.02
of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 (C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
(Emphasis added.)
From the foregoing, the following can be gleaned: If a specific penalty for the rape offense is not stated in R.C. 2907.02(B), once a trial court makes the requisite findings justifying a maximum term of incarceration under R.C. 2929.14(C), it thereafter is not required to justify its reasons for imposing more than the minimum term of incarceration, in spite of the offender's status as an offender who previously had not served a prison term. State v. Sherman (May 20, 1999), Cuyahoga App. No. 74297, unreported; State v. Delaney (Aug. 20, 1999), Hamulton App. No. C-981017, unreported.
In this case, the record reflects that prior to imposing the maximum term upon appellant, the trial court complied with both the statutory directives and the directives contained in State v. Edmonson, supra.
At the conclusion of appellant's sentencing hearing, the following exchange occurred:
 THE COURT: Therefore, the Court finds this offense to be one of the most serious and most offensive of its own kind. The sentence of the Court would be $250 and costs, ten years at LCI. The Court does also make a further finding that defendant will be designated as sexually oriented.
* * *
 [DEFENSE COUNSEL]: Your Honor, would the Court consider an appeal bond?
 THE COURT: You can seek that in the Court of Appeals. The Court finds that this is one of the worst kinds, and because of the predatory nature of Mr. Gladden's involvement in this [crime], and as a result of that, the Court feels that [the] —
[THE PROSECUTOR]: [victim], your Honor.
 THE COURT: — [victim] would be in jeopardy if this Court imposes a bond, and therefore will not.
(Emphasis added.)
In context, the trial court's comments indicate a finding [appellant] fits within one of the categories of offenders [listed] in R.C. 2929.14(C). State v. Edmonson, supra, at 329. The trial court thus lawfully imposed the maximum term upon appellant for a single offense based upon the satisfaction of one of the listed criteria, viz., appellant had committed one of the worst forms of the offense of rape. State v. Smith (Mar. 9, 2000), Cuyahoga App. No. 75512, unreported; State v. Kimmie (Dec 2, 1999), Cuyahoga App. No. 75231, unreported; State v. Owens (Nov. 24, 1999), Cuyahoga App. No. 75434, unreported; cf., State v. White (Oct. 21, 1999), Cuyahoga App. No. 74798, unreported.
The presentence report, which contains the victim's statements concerning the event, supports the trial court's decision. The victim indicated appellant abused her trust in him, lured her to his home under false pretenses, forced himself upon her and assaulted her sexually, demonstrated a lack of remorse for his actions, and refused to permit her to leave his home until the police were summoned in response to the victim's cries of despair. From the record, therefore, this court cannot clearly and convincingly find the trial court's decision was improper. R.C. 2953.08(G); State v. Owens, supra.
Since the trial court fulfilled its statutory responsibilities prior to imposing sentence in this case, appellant's assignments of error are overruled.
Appellant's conviction and sentence are affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, A.J. CONCURS DIANE KARPINSKI, J. CONCURS
[1] Appellant does not challenge the trial court's decision.
[2] Defense counsel stated the prosecutor would not object if the Court were to impose the minimum sentence in this matter.
[3] See footnote 1.